Filing # 47030852 E-Filed 09/28/2016 02:06:30 PM

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT IN AND FOR BREVARD COUNTY, FLORIDA

OLIVIER BABADJIDE,
    Plaintiffs,

vs.                            CASE NO. 05-2014-CA-049681-XXXX-XX

CITY OF COCOA BEACH,
OFFICER RONALD BETTS, and
MARILYN POTTER,
THE SOUTHLAND CORP,
D/B/A 7-ELEVEN, INC.,

    Defendants.
_____/

## PLAINTIFF'S AMENDED COMPLAINT

**COMES NOW**, PLAINTIFF, OLIVIER BABADJIDE, by and through his undersigned counsel, and hereby sue the Defendants, CITY OF COCOA BEACH, OFFICER RONALD BETTS, MARILYN POTTER, THE SOUTHLAND CORP., D/B/A 7-ELEVEN, INC., and in support thereof allege the following:

### I.

### PARTIES

1.    PLAINTIFF, OLIVIER BABADJIDE, at all times material to this action was a resident of Brevard County, Florida.

2.    Defendant, CITY OF COCOA BEACH is political subdivision located in Brevard County, Florida.

3.    Defendants, OFFICER RONALD BETTS, ("Defendant, BETTS") at all times material to this action, were police officers employed by the CITY OF COCOA BEACH and were residents of Brevard County, Florida.

4.    Defendant, MARILYN POTTER was a resident of Brevard County, Florida, and employed by Defendant THE SOUTHLAND CORP., D/B/A 7-11, INC. (hereinafter 7-11) At all times material to this action, Defendants were acting under color of state law.

5.    This is a civil action arising under the Constitution of the United States of America.

6.    This action is brought pursuant to the provisions of 42 United States Code, Sections 1983 and 1988.

7.    This action seeks monetary damages against Defendants in their official and individual capacities in excess of Seventy Five Thousand Dollars ($75,000), exclusive of costs, interest and attorney's fees.

8.    Plaintiffs re-allege and re-incorporate paragraphs one (1) through seven (7) as fully incorporated herein.

## II.

## FACTS APPLICABLE TO ALL COUNTS

9.    On or about May 30, 2012, 7-ELEVEN, INC., specifically MARILYN POTTER, the franchise owner and operator of a 7-Eleven store located at 3177 N. Atlantic Avenue in Cocoa Beach, Brevard County, Florida, called the non-emergency telephone number for the Cocoa Beach Police Department and requested that an officer be dispatched to her store for the purpose of issuing a trespass warning to PLAINTIFF, OLIVIER BABADJIDE.

10.   PLAINTIFF, OLIVIER BABADJIDE, had entered the store on a few occasions during the afternoon of May 30, 2012. PLAINTIFF, OLIVIER BABADJIDE, made a purchase from the store each time he entered on May 30, 2012. Nonetheless, 7-ELEVEN, INC., specifically MARILYN POTTER, the franchise owner and operator of a 7-Eleven store located at 3177 N.

Atlantic Avenue in Cocoa Beach, Brevard County, Florida, sought to trespass PLAINTIFF, OLIVIER BABADJIDE, merely because he allegedly made a store clerk feel "uneasy."

11.  In response to the request of MARILYN POTTER, the CITY OF COCOA BEACH dispatched OFFICER RONALD BETTS, of the Cocoa Beach Police Department to the 7-Eleven store located at 3177 N. Atlantic Avenue in Cocoa Beach, Brevard County, Florida. BETTS arrived at the store shorty after being dispatched. Upon his arrival, BETTS initially encountered PLAINTIFF, OLIVIER BABADJIDE, who was standing at the front counter purchasing an item from the 7-Eleven store. BETTS then directed PLAINTIFF, OLIVIER BABADJIDE, to step outside the store to talk to him. PLAINTIFF, OLIVIER BABADJIDE, complied and walked outside store with BETTS.

12.  During the ensuing encounter, BETTS instructed PLAINTIFF, OLIVIER BABADJIDE, to sit down multiple times and stated that he was going to have to restrain Plaintiff if he did not comply. During the encounter, BETTS removed his department-issued Taser from his service belt and pointed it at PLAINTIFF, OLIVIER BABADJIDE. PLAINTIFF, OLIVIER BABADJIDE, was not armed with a weapon at any point during his encounter with BETTS on May 30, 2012. Shortly thereafter, BETTS discharged his department-issued Taser at PLAINTIFF, OLIVIER BABADJIDE. BETTS, believing that not all of the Taser probes properly connected, then approached PLAINTIFF, OLIVIER BABADJIDE, and began to repeatedly strike him with the department-issued Taser in his hand. A brief struggle ensued between BETTS and PLAINTIFF, OLIVIER BABADJIDE. BETTS then kicked PLAINTIFF, OLIVIER BABADJIDE, and created separation. After the separation was created, PLAINTIFF, OLIVIER BABADJIDE, began to move away from BETTS. BETTS then drew his department-

issued firearm and pointed it out in front of his body and began to advance towards PLAINTIFF, OLIVIER BABADJIDE.

13. BETTS aimed his department-issued firearm directly at PLAINTIFF, OLIVIER BABADJIDE. BETTS then, unjustifiably and with no lawful reason, discharged his department-issued firearm, striking PLAINTIFF, OLIVIER BABADJIDE more than once. One of the rounds struck PLAINTIFF, OLIVIER BABADJIDE, in middle of his back. PLAINTIFF, OLIVIER BABADJIDE, is now permanently and forever paralyzed. Defendant, BETTS, also caused PLAINTIFF, OLIVIER BABADJIDE to be prosecuted for RESISTING ARREST WITH VIOLENCE and BATTERY UPON A LAW ENFORCEMENT OFFICER, each a felony of the third degree. PLAINTIFF, OLIVIER BABADJIDE was found NOT GUILTY of both felony offenses in September 2016, causing PLAINTIFF, OLIVIER BABADJIDE to incur damages.

### III.
### CAUSES OF ACTION

A. **COUNT I - §1983 VIOLATION OF RIGHTS FALSE ARREST AND EXCESSIVE FORCE**

**(Defendant, BETTS, Individual Capacity)**

14. Plaintiff, BABADJIDE, repeats paragraphs 1-7 and incorporates them herein by reference.

15. Defendant, BETTS, individually and in concert with others, acted under pretense and color of law.

16. Defendant, BETTS, individually and in concert with others, acted willfully, knowingly, and with specific intent to deprive Plaintiff, BABADJIDE, of his rights secured by the Fourth Amendment to the United States Constitution, including his right to be secure in his person and

4

free from unlawful detentions, free from unlawful seizures and free from the use of unreasonable force.

17. Defendant, BETTS, individually and in concert with others, did deprive Plaintiff, BABADJIDE, of his rights secured by the Fourth Amendment to the United States Constitution, including his right to be secure in his person and free from unlawful detentions, free from unlawful seizures and free from the use of unreasonable force.

18. Defendant, BETTS, acted with malicious and wanton disregard of the Constitutional rights of Plaintiff, BABADJIDE, including his right to be secure in his person and free from unlawful detentions, free from unlawful seizures and free from the use of unreasonable force.

19. Defendant, BETTS, used unreasonable and excessive force in shooting Plaintiff. Defendant, BETTS, used unreasonable and excessive force in shooting Plaintiff more than once. His use of force against Plaintiff, BABADJIDE, was unwarranted and wholly unjustified.

20. Plaintiff, BABADJIDE, was not engaged in any criminal act or illegal conduct that would necessitate, warrant or justify the use of the level of force exercised by Defendant, BETTS, when he repeatedly shot the Plaintiff, and in doing so, Defendant, BETTS, acting individually and in concert with Defendant, BETTS. By reason of the foregoing, Defendant, BETTS, violated 42 U.S.C. §1983. 19. Pursuant to 42 U.S.C. § 1988, Plaintiff is entitled to a reasonable allowance for attorney's fees and cost in addition to the damages complained of as Plaintiff, BABADJIDE, was severely and permanently injured. His injuries were so severe and the recovery was so long that he is forever paralyzed, and as a result has suffered great mental anxiety and distress in addition to his pain and suffering. Plaintiff, BABADJIDE, has also incurred significant medical and hospital bills as a result of this instance. Plaintiff, BABADJIDE's, reputation was impaired and Plaintiff, BABADJIDE, was personally humiliated as a result of this instance.

WHEREFORE, Plaintiff, BABADJIDE, demands damages against Defendants, MARILYN POTTER and 7-ELEVEN in an amount in excess of Seventy-Five Thousand Dollars, including costs, interest and attorney's fees.

## B. COUNT II - §1983 VIOLATION OF RIGHTS MALICIOUS PROSECUTION
### (Defendant BETTS Individual Capacity)

Plaintiff, BABADJIDE, repeats paragraphs 1 - 7 and incorporates them herein by reference.

21. Defendant, BETTS, individually and in concert with others, acted under pretense and color of law.

22. Defendant, BETTS, individually and in concert with others, acted willfully, knowingly, and with specific intent to deprive Plaintiff, BABADJIDE, of his rights secured by the Fourth Amendment to the United States Constitution, including his right to be secure in his person and free from the use of unreasonable force.

23. Defendant, BETTS, individually and in concert with others, did deprive Plaintiff, BABADJIDE, of his rights secured by the Fourth Amendment to the United States Constitution, including his right to be secure in his person and free from false and malicious prosecution, in that Defendant, BETTS, detained, arrested, instituted and maintained by said arrest the prosecution of Plaintiff in an attempt to shield and cover himself from civil liability for falsely arresting Plaintiff, using excessive force in said arrest, thus causing Plaintiff to be paralyzed. Specifically, Defendant, BETTS, also caused PLAINTIFF, OLIVIER BABADJIDE to be prosecuted for RESISTING ARREST WITH VIOLENCE and BATTERY UPON A LAW ENFORCEMENT OFFICER, each a felony of the third degree. PLAINTIFF, OLIVIER BABADJIDE was found NOT GUILTY of both felony offenses in September 2016, causing PLAINTIFF, OLIVIER BABADJIDE to incur damages.

24. Defendant, BETTS, acted with malicious and wanton disregard of the Constitutional rights of Plaintiff, BABADJIDE, including his right to be secure in his person and free from the use of unreasonable force.

25. Defendant, BETTS, exercised unreasonable and excessive force in his attempt to stop Plaintiff, BABADJIDE. His use of force against Plaintiff, BABADJIDE, was unwarranted and wholly unjustified.

26. Plaintiff, BABADJIDE, was not engaged in any criminal act or illegal conduct that would necessitate, warrant or justify the use of the level of force exercised by Defendant, BETTS, acting individually and in concert with Defendant BETTS.

27. By reason of the foregoing, Defendant, BETTS violated 42 U.S.C. §1983.

28. Pursuant to 42 U.S.C. § 1988, Plaintiff is entitled to a reasonable allowance for attorney's fees and cost in addition to the damages complained of herein.

29. By reason of the foregoing, Plaintiff, BABADJIDE, was severely and permanently injured and paralyzed. His injuries were so severe and the recovery was so long that he suffered great mental anxiety and distress in addition to his pain and suffering. Plaintiff, BABADJIDE, has also incurred significant medical and hospital bills as a result of this instance. Plaintiff, BABADJIDE's, reputation was impaired and Plaintiff, BABADJIDE, was personally humiliated as a result of this instance.

WHEREFORE, Plaintiff, BABADJIDE, demands damages against Defendants, MARILYN POTTER and 7-ELEVEN, INC., in an amount in excess of Seventy-Five Thousand Dollars, including costs, interest and attorney's fees.

## C. <u>COUNT III - §1983 POLICY AND PRACTICE</u>

### <u>(Defendant CITY OF COCOA BEACH)</u>

30. Plaintiff, BABADJIDE, repeats paragraphs 1 - 7 and incorporates them herein by reference.

31. When Defendant, BETTS, unlawfully stopped and repeatedly shot, Plaintiff, BABADJIDE, he was acting pursuant to a policy, custom and practice of the CITY OF COCOA BEACH Police Department which encouraged officers to aggressively stop individuals without regard to their Constitutional rights, including an individual's right.

32. Defendant, CITY OF COCOA BEACH, displayed deliberate indifference to the unconstitutional actions of COCOA BEACH Police Officers including the detention of persons without any lawful justification and using excessive force in the arrest of the Plaintiff.

33. Defendant, CITY OF COCOA BEACH, knew of the repeated Constitutional violations perpetrated by its Officers, including the detention of persons without any lawful justification.

34. By reason of the foregoing, Defendant, CITY OF COCOA BEACH, violated 42 U.S.C. §1983.

35. Pursuant to 42 U.S.C. § 1988, Plaintiff is entitled to a reasonable allowance for attorney's fees and cost in addition to the damages complained of herein.

36. By reason of the foregoing, Plaintiff, BABADJIDE, was severely and permanently injured and was forever paralyzed. His injuries were so severe and the recovery was so long that he suffered great mental anxiety and distress in addition to his pain and suffering. Plaintiff, BABADJIDE, was also incurred medical and hospital bills as a result of this instance. Plaintiff, BABADJIDE's, reputation was impaired and Plaintiff, BABADJIDE, was personally humiliated as a result of this instance.

WHEREFORE, Plaintiff, BABADJIDE, demands damages against Defendants, MARILYN POTTER and 7-ELEVEN, INC. in an amount in excess of Seventy-Five Thousand Dollars, including costs, interest and attorneys fees.

D. **COUNT IV – NEGLIGENCE (Defendants MARILYN POTTER and 7-ELEVEN, INC.)**

37. Plaintiff, BABADJIDE, repeats paragraphs 1 - 7 and incorporates them herein by reference.

38. Defendant, POTTER, an employee of Defendant 7-ELEVEN, INC., and in the course and scope of said employment, negligently caused Plaintiff to be unlawfully arrested by Defendant, COCOA BEACH, police Officers based on negligent complaints she made to said police department while Plaintiff was a business invitee of the 7-ELEVEN store owned and operated by Defendant MARILYN POTTER. If not for the negligence of BETTS, Plaintiff would not have been unlawfully detained, unlawfully arrested, shot, maliciously prosecuted, and now permanently paralyzed. Defendant, 7-ELEVEN, INC. is liable via *respondeat superior* for the actions of Defendant, POTTER.

39. By reason of the foregoing, Plaintiff, BABADJIDE, was severely and permanently injured and was forever paralyzed. His injuries were so severe and the recovery was so long that he suffered great mental anxiety and distress in addition to his pain and suffering. Plaintiff, BABADJIDE, also incurred significant medical and hospital bills as a result of this incident. Plaintiff, BABADJIDE's, reputation was impaired and Plaintiff, BABADJIDE, was personally humiliated as a result of this incident.

WHEREFORE, Plaintiff, BABADJIDE, demands damages against Defendants, MARILYN POTTER and 7-ELEVEN, INC. in an amount in excess of Seventy-Five Thousand Dollars, including costs and interest.

By: _//s Paul E. Bross//_
Paul E. Bross, Esquire
Florida Bar # 0410837
50 North Grove Street
Merritt Island, Florida 32953
Telephone: (321) 456-5914
Facsimile: (321) 452-1689
pbross1@yahoo.com
brendabrosslaw@cfl.rr.com
Counsel for Plaintiff