UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

OLIVIER BABADJIDE,

      Plaintiff,

v.                                                    Case No:   6:16-cv-1977-Orl-28TBS

CITY OF COCOA BEACH, RONALD
BETTS, MARILYN POTTER and THE
SOUTHLAND CORP,

      Defendants.

_____

## REPORT AND RECOMMENDATION

Pending before the Court in this closed case is Plaintiff's Verified Motion to Reopen this Case and File a Third Amended Complaint (Doc 52). Defendants have filed an opposition brief (Doc. 53). Upon due consideration, I respectfully recommend that the motion be **DENIED**.

### Background

Plaintiff was shot by a police officer on May 30, 2012. On November 14, 2014, Plaintiff, through his counsel, Paul E. Bross, filed a civil rights complaint in state court against the City of Cocoa Beach ("the City") and two of its police officers (Doc. 3-1 at 3-9). Summonses were issued on November 17, 2014, but the complaint was not served (Doc. 3-1 at 43-44).

On September 28, 2016, Plaintiff filed an amended complaint in state court (Doc. 3-1 at 46). The amended complaint purported to assert federal claims against the City, the officer, and a state law claim of negligence against The Southland Corporation d/b/a 7-11, and its employee, Marilyn Potter (Id.). On November 9, 2016, the City was served

for the first time (Doc. 1, §5). The City removed the case to this Court on November 10, 2016 (Doc. 1).

On November 22, 2016, Southland and Ms. Potter moved to dismiss the claim against them, based on expiration of the statute of limitations (Docs. 11, 12). On November 30th, the City and the officer moved to dismiss the federal claims (Doc. 20). No timely response was filed by Plaintiff to either motion. On December 23, 2016, Southland and Potter filed amended motions to dismiss (Docs. 32, 33).

On January 3, 2017, Plaintiff filed an Unopposed Motion to file Second Amended Complaint and to file Case Management Report Out of Time (Doc. 35). The motion states that "Plaintiffs [sic] now seek to file a Second Amended Complaint to correct any deficiencies present in the First Amended Complaint." (Id.). Plaintiff advised that he would be "dismissing several Defendants" and asked for leave to file the new pleading "within five days." (Doc. 35). The Court granted the motion, to the extent it sought leave to file a second amended complaint by January 9, 2017, and denied the motion, to the extent it sought to file the case management report out of time (Doc. 36). The Court found "no good cause" for the delay of the filing of the report (Doc. 36 at 2).

On January 6, 2017, Plaintiff filed a notice of voluntary dismissal of his claims against Marilyn Potter and Southland, and requested an order dismissing both (Doc. 37). Construing the notice as a dismissal under FED. R. CIV. P. 41(a)(1)(A)(i), the Court denied all pending motions filed by Potter and Southland as moot, and directed the clerk to terminate their status as parties to this case (Doc. 39).

On January 6, 2017, Plaintiff filed the overdue Case Management Report (Doc. 38). The Case Management Report included a deadline agreed to by the parties of January 31, 2017 for the amendment of pleadings (Id.). The Court entered a Case

Management and Scheduling Order that same day (Doc. 40). Among other deadlines, the Scheduling Order provided that any amended pleading was due by February 28, 2017 (Id.).

On January 9, 2017, Plaintiff filed his second amended complaint (Doc. 41), which names the City, Officer Ronald Betts, Marilyn Potter, and The Southland Corp., d/b/a 7-11, Inc., as Defendants. After the filing of the second amended complaint, the Court denied the City and Officer's motion to dismiss the earlier amended complaint, as moot (Doc. 43).

On January 23, 2017, Officer Betts and the City moved to dismiss the second amended complaint (Doc. 44). Plaintiff did not file any response to the motion. On February 15, 2017, the Court, finding that the motion to dismiss "is unopposed and is due to be granted," dismissed the second amended complaint without prejudice, and closed the file (Doc. 49).

On March 1, 2017, more than two weeks after the second amended complaint was dismissed and the case closed, Plaintiff, through Mr. Bross, filed an Opposed Motion to File Third Amended Complaint (Doc. 50). The stated reason for the filing of a fourth complaint was "to correct any deficiencies present in the Second Amended Complaint." (Id.). On March 2, 2017, I denied that motion, noting that the case was closed pursuant to prior Order and Plaintiff had not sought nor been granted relief from that Order (Doc. 51). Plaintiff filed the instant motion six days later (Doc. 52).

Plaintiff[1] asks for an Order "allowing him to File a Third Amended Complaint, to reopen this case, and Relief From Judgment, pursuant to Rule 60 (b) of the Federal Rules

---

[1] Although the motion refers to "Plaintiffs," there is only one named plaintiff.

of Civil Procedure." (Doc. 52 at 1). As grounds, Plaintiff asserts that the failure to timely respond to the motion to dismiss was "due to miscalendering of the response date by [Mr. Bross'] staff." Counsel represents that he was under an "extreme burden," as a partner and associate were in a six week jury trial from approximately January 10, 2017 to the end of February 2017, and he was covering all of his own matters, his partner's matters, and the matters the associate would normally cover. Because of this, Mr. Bross was "out of the office and in court during the majority of that time period, and was required to rely on staff to calendar matters, and response dates." Moreover, one of the partners in the firm left in December, with little or no notice; Mr. Bross was in a jury trial himself beginning on January 17, 2017 for approximately 5 days; and his paralegal was out of the office studying for the Florida Bar. Mr. Bross avers that this "perfect storm" led to his office failing to properly tickle the calendar for the due date of the response to Defendants' motion to dismiss. Mr. Bross contends that this is excusable neglect and, as the motion to dismiss was not decided on the merits; Plaintiff has a valid and meritorious claim; the motion is timely; and is being filed in good faith and not for the purposes of delay, relief should be granted. A copy of a proposed third amended complaint is tendered (Doc. 52-1).

## Discussion

Plaintiff seeks relief from the dismissal Order pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. The motion is not accompanied by a memorandum of law, in violation of Local Rule 3.01(a), and Plaintiff cites no case law in support of his request. Although Plaintiff has not specified which provision of 60(b) he contends applies, I assume he is proceeding under 60(b)(1), which allows a court to relieve a party from a

final judgment, order, or proceeding for "mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b)(1).

"Excusable neglect is an equitable determination that requires an examination into whether the moving party had a good reason for not responding timely and whether the opposing party would be prejudiced." Foudy v. Saint Lucie Cty. Sheriff's Office, No. 16-11215, 2017 WL 33545, at *3 (11th Cir. Jan. 4, 2017), citing In re Worldwide Web Sys. Inc., 328 F.3d 1291, 1297 (11th Cir. 2003). In determining whether excusable neglect exists, courts utilize a four-factor balancing test: (1) "the danger of prejudice to the [opposing party]," (2) "the length of the delay and its potential impact on judicial proceedings," (3) "the reason for the delay, including whether it was within the reasonable control of the movant," and (4) "whether the movant acted in good faith." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd., 507 U.S. 380, 395 (1993). In the default context, the Eleventh Circuit has held that "[t]o establish mistake, inadvertence, or excusable neglect under Rule 60(b)(1), a defaulting party must show that: (1) it had a meritorious defense that might have affected the outcome; (2) granting the motion would not result in prejudice to the non-defaulting party; and (3) a good reason existed for failing to reply to the complaint." In re Worldwide Web Sys. Inc., 328 F.3d at 1295 (quotations and citations omitted). The moving party bears the burden of establishing entitlement to Rule 60(b)(1) relief. See Florida Physician's Ins. Co. v. Ehlers, 8 F.3d 780, 783 (11th Cir. 1993).

*Danger of Prejudice*

Defendants point out that allowing a fourth amendment at this point would prejudice the defense as the shooting occurred almost five years ago and, because of counsel's failure to promptly prosecute this matter, witnesses may now be unavailable and other evidence stale. Additionally, Plaintiff has not responded to discovery requests

served on January 19, 2017, and, as Defendants assert that the proposed third amended complaint is similar to the second amended complaint and contains the same deficiencies, if reopening is allowed, the pleadings would still not be closed, leading to even more delay.

While delay in a case, while unfortunate, does not always equate with prejudice, considered in connection with the other Pioneer factors, I find that allowing further amendment would result in a reasonable likelihood of even more delay which would result in unfair prejudice to the defense.

*Length of Delay and Impact on Judicial Proceedings*

Defendants argue that allowing further amendment at this stage is in violation of the deadline in the Scheduling Order for filing amended pleadings. While true, as the case was not set for trial until October 2018, I do not find this factor dispositive. The history of Mr. Bross' conduct here is, however, consistent with a pattern of dilatory conduct that suggests that additional case management problems will occur going forward. As explained below, this is not a minor concern.

*Reason for Delay and Good Faith of Movant*

Mr. Bross argues that he was under an extreme burden because one partner left the firm in December 2016, and other staff members were in a six week trial from January 10th to the end of February. Additionally, one paralegal was studying for the bar exam. As a result, Mr. Bross argues that he was covering all matters for the firm. As he was also in trial beginning January 17th "for approximately five days," he asks that the failure to respond to the motion for dismissal be understood as a result of this "perfect storm." In essence, Mr. Bross asserts that he was overwhelmed with other work and his failure to timely respond was the result of negligence.

Defendants cite Eleventh Circuit precedent holding that "an attorney's negligent failure to respond to a motion does not constitute excusable neglect, even if that attorney is preoccupied with other litigation." Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc., 803 F.2d 1130, 1132 (11th Cir. 1986), citing United States v. One 1978 Piper Navajo PA-31, Aircraft, 748 F.2d 316, 318-19 (5th Cir.1984); Jackson v. Seaboard Coast Line Railroad Co., 678 F.2d 992, 1020 (11th Cir.1982); Davis v. Safeway Stores, Inc., 532 F.2d 489, 490 (5th Cir.1976) (*per curiam*). The Court observes, however, that these cases were decided prior to Pioneer. See Skinner v. Legal Advocacy Ctr. of Cent. Florida, Inc., No. 6:11-CV-1760-ORL-37, 2012 WL 2814348, at *4 (M.D. Fla. July 10, 2012) ("Although some district courts in this circuit continue to deny Rule 60(b)(1) motions in which the movant relies on "attorney negligence" to show "excusable neglect," the Eleventh Circuit's post-Pioneer precedent emphasizes that when deciding a Rule 60(b)(1) motion "[p]rimary importance should be accorded to the absence of prejudice to the nonmoving party and to the interest of efficient judicial administration.") (Internal citation omitted). More recent precedent establishes:

> For purposes of Rule 60(b), "excusable neglect" is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence. Whether a party's neglect of a deadline may be excused is an equitable decision turning on all relevant circumstances surrounding the party's omission.

United States v. Davenport, 668 F.3d 1316, 1324 (11th Cir. 2012) (internal quotations and citations omitted). Consideration of "all relevant circumstances" here persuades me that the neglect is not excusable.

Mr. Bross' negligence did not occur in a vacuum, and is, unfortunately, not confined to this case. As Judge Dalton recently observed, a review of cases filed by Mr.

Bross shows a disturbingly similar pattern of "inaction and inattentiveness." <u>Perez v. Bobby Craig Harrelson, Jr., et. al</u>, Case No. 6:15-cv-879-ORL-37GJK; <u>Kent v. Brown</u>, Case No. 6:15-cv-880-Orl-37TBS (Order dated April 5, 2017, noting Mr. Bross' "persistent failure" to comply with Court orders and deadlines and referring the matter to the Grievance Committee for the Orlando Division of the Middle District of Florida); <u>see also Morrison v. City of Holly Hill,</u> Case No. 6:16-cv-1809-Orl-31TBS (Docs. 18, 27) (directing plaintiff's counsel to show cause why sanctions should not be imposed for failure to communicate with defense counsel and for want of prosecution); <u>Truex v. City of Palm Bay</u>, Case No. 6:16-cv-1810-GKS-TBS (Doc. 13) (case dismissed with prejudice due to failure to timely file an amended complaint); and <u>Pellechio v. Grose,</u> Case No. 6:15-cv-1056-Orl-41GJK (Docs. 101, 127) (monetary sanctions imposed on Mr. Bross and his clients for failure to timely respond to discovery motions and court orders). Nor is this pattern confined to the two month period of time in which "the perfect storm" raged. <u>See e.g</u>. <u>Seigle v. Stephanie Bagwell</u>, Case No. 6:16cv1811-Orl-37DCI (Order dated November 30, 2016, dismissal for failure to file amended complaint); <u>Obloy v. Brevard County</u>, Case No. 15cv1681-22KRS (December 18, 2015 dismissal for failure to prosecute); <u>Kent</u>, <u>supra,</u> and <u>Perez,</u> <u>supra.</u> Viewed in this light, the neglect at issue cannot be interpreted as an isolated, unforeseen or unusual instance. Rather, as Judge Mendoza has observed, it appears to be part of counsel's pattern of failures followed by belated excuses. <u>Pellechio</u>, Doc. 127 at 2.

Even if the Court were to confine itself to only the particular neglect shown in this case, I am not persuaded by Mr. Bross' representation that he brings the motion in good faith. Plaintiff claims the response date was miscalendared, but provides no details as to how that occurred or what safeguards the firm had in place to prevent such a mistake.

Moreover, Plaintiff's response to the motion to dismiss was due on February 6, and the case was dismissed on February 15, 2017. Even if counsel "miscalendared" the initial response date, the docket shows that he was made aware of this grave error on February 15th, when he received a copy of the dismissal Order. Yet, Mr. Bross filed nothing for at least two weeks. No explanation is offered for why it took so long to attempt to rectify the situation. Indeed, while Mr. Bross claims to have suffered a perfect storm, the bad weather was not unforeseen and there is no showing that he took *any* steps to mitigate what he must have known would be a difficult situation. Consistent with his professional obligations, a reasonable attorney faced with the loss of a partner in December and knowing that other colleagues and support staff would be unavailable for a lengthy trial in January and February, would have ascertained deadlines, and hearing and trial dates in the cases he was assuming responsibility for, and would have sought assistance, including filing a motion for extension of time, if necessary. That did not happen. On this record, it is difficult to conclude that counsel's motion is brought in good faith.

*Meritorious claim*

With respect to this factor, Plaintiff contends that the motion to dismiss was not decided on the merits, the Court has never adjudicated or considered any of the complaints that have been filed, and Plaintiff has a valid and meritorious claim. I am unpersuaded.

As set forth in the Case Management and Scheduling Order, where no memorandum in opposition has been filed, the Court routinely grants motions as unopposed (Doc. 40 at 5). The only reason the merits were not explicitly adjudicated here is because Plaintiff never filed a substantive response. Having forfeited his position, Plaintiff was not entitled to an advisory opinion on the merits of his claim.

- 9 -

Notably, Plaintiff is not asking for leave to file a response to the motion to dismiss. He is seeking to re-open the case in order to file a third amended complaint. To the extent this implies that his second amended complaint was "deficient" (which Plaintiff all but concedes in his earlier filing - Doc. 50), he has yet to survive a motion to dismiss. Other than the conclusory assertion that *this* claim is meritorious, Plaintiff fails to explain how his third amended complaint corrects or is substantially dissimilar to the claims and allegations made in the "deficient" second amended complaint.[2]  To allow Plaintiff leave to pursue a *fourth* complaint under these circumstances would lead to additional motion practice on the sufficiency of the pleading, which would lead to more delay, all amounting to inappropriate prejudice to Defendants.

The Court is not unsympathetic to counsel's assertion that injustice will occur if Plaintiff is foreclosed from pursuing his claim due to denial of this motion. Nonetheless, the responsibility for such a consequence does not lie at the courthouse door. As the Supreme Court has noted, there is no injustice in holding clients accountable for the acts and omissions of their freely chosen attorneys. See Pioneer, 507 U.S. at 396-7; Link v. Wabash R. Co., 370 U.S. 626, 633 (1962) (finding "no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client.") Applying the Pioneer factors, I find that counsel has failed to establish that he is entitled to relief under Rule 60(b)(1).

### Recommendation

Upon consideration of the foregoing, I respectfully recommend that the motion be **DENIED**.

---

[2] The third amended complaint does remove the dismissed claims against Southland and Potter (Doc. 52-1) and clarifies some of the claims, but does not appear to correct all of the "deficiencies" identified by Defendants with respect to the prior pleadings.

## Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on April 7, 2017.

THOMAS B. SMITH
United States Magistrate Judge


Copies furnished to:

    Presiding United States District Judge
    Counsel of Record
    Any Unrepresented Parties